IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Western Division

| | |
|---|---|
| PLATINUM PROPERTIES INVESTOR NETWORK, INC., | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) CASE NO. 4:15-mc-09019-SRB ) |
| v. | ) In re: ) United States District Court for the |
| AMCO INSURANCE, CO., | ) Central District of California ) Case No. SACV-14-1321 AG (JPRx) |
| Defendant. | ) |

## ORDER

This matter is before this Court on the Motion of Defendant AMCO Insurance Company ("AMCO") to Compel Compliance with a Subpoena for Records Served on Kathleen Crisp and to Compel Her Deposition and Production of Documents at Deposition, and Motion to Transfer AMCO's Motion to Compel to the U.S. District Court for the Central District of California ("California District Court.")

The Court held a telephone conference with counsel for AMCO, Monica Dib, Esq. and Jackie Kinder, Esq., and counsel for Ms. Crisp, Floyd Finch, Esq., on August 5, 2015. On September 3, 2015, the Court held a second telephone conference including the same counsel, plus attorney for plaintiff Douglas Iler, Esq., and local attorney Lee Hardee, Esq., representing the non-party witnesses Karen Karnickolas and Brittany Roberts whose attorney-client privileges may be at issue as a result of the subpoena.

In the first call, AMCO's counsel advised the Court that Plaintiffs had waived their attorney-client privilege by placing at issue their claim for reimbursement of Ms. Crisp's fees. In

1

addition, counsel also advised the Court that AMCO had proposed and circulated a protective order that was rejected by Plaintiffs and Crisp's counsel.

Mr. Finch advised the Court that plaintiffs and non-parties Karen Karanickolas and Brittany Roberts were represented by attorney Patrick Martin, and Ms. Crisp worked for Mr. Martin. The subpoena called on Ms. Crisp to produce attorney-client privileged documents related to the representation of Ms. Karanickolas, Ms. Roberts, and David Toombs. Mr. Finch pointed out that Ms. Crisp could not produce privileged communications absent a written waiver of the attorney-client privilege or a court order. He further advised the Court that he had communicated the need for a waiver to counsel for both plaintiffs and defendant AMCO, and that neither had been able to provide the requested waiver. Accordingly, Ms. Crisp had no choice but to assert the attorney-client privilege in response to the subpoena.

Mr. Finch further advised that he believed the plaintiffs had waived their attorney-client privilege by filing the litigation, but he estimated that it would take Ms. Crisp at least 20 hours to comply with the subpoena, and that—as a non-party to this litigation—she should be compensated for her time in gathering and producing the documents. With regard to the protective order proposed by AMCO's lawyers, Mr. Finch objected to the proposed protective order because it required Ms. Crisp to voluntarily submit to the jurisdiction of the United States District Court for the Central District of California to be required to suffer the expense of retaining local counsel in California.

AMCO's counsel also advised the Court that they were informed by Plaintiffs' attorney that he would assist in obtaining either a waiver from these non-parties or an agreement to agree to the release of the information regarding legal services and fees by Ms. Crisp, based on the fact that these non-parties are still performing work on an independent contractor basis for Plaintiff

2

Jason Hartman, but after several months of waiting for such resolution without any result, defendant's attorneys felt the only viable solution was to file a motion to compel. Counsel further advised the Court that they agreed to narrow the scope of the subpoena for records, as stated in the written communications between counsel, and that Ms. Crisp already was in the process of producing non-privileged records in her possession. Ms. Crisp's counsel also advised the Court that one remaining issue was the need for compensation to Ms. Crisp to protect her from undue burden and expense for the effort required to comply with the subpoena.

In the subsequent conference call on September 3, 2015, plaintiffs' attorney advised the Court that he acknowledged plaintiffs had waived their attorney-client privileges by filing suit in California against their insurer for recovery of their litigation fees and expenses in the underlying Missouri litigation. He further reported that he and Mr. Hardee had had a conference call with Karnickolas and Roberts during the afternoon of September 2nd, and their willingness to sign a written waiver of their attorney-client privilege was conditioned on being assured that they would not be deposed in the pending California coverage litigation. AMCO's counsel stated that they would be deposed as substantive witnesses with knowledge of relevant facts.

Based on the evidence submitted with the motion and the arguments of counsel, it appears to this Court that this discovery dispute has arisen because of Plaintiffs' failure in this litigation to acknowledge earlier that they had waived their attorney-client privilege as to the requested records that were placed at issue by their claims against AMCO and their request for reimbursement of their legal fees and costs, their failure to produce documents themselves, and their delay in addressing the need to secure the cooperation of Ms. Karanickolas, Ms. Roberts, and Mr. Toombs in waiving their attorney-client privileges with Patrick Martin so that plaintiffs' claims could be resolved on the merits.

3

It also appears to this Court that the records requested in the subpoena will benefit Plaintiffs because they need such records to prove their claim for reimbursement of their legal fees and costs, and that Ms. Crisp should be compensated for her time and expense in complying with the subpoena for records.

After hearing the arguments of counsel and being fully advised herein, and for good cause shown, the Court hereby makes the following orders:

**IT IS THEREFORE ORDERED THAT:**

1. AMCO's motion to compel is granted. Ms. Crisp will comply with the subpoena in accordance with the agreement between her attorney and AMCO's counsel.

2. Kathleen Crisp is ordered to produce the documents she had withheld in order to protect the attorney-client privilege of Karanickolas, Roberts, and Toombs with Patrick Martin, and any privilege log regarding work-product documents within twenty-one (21) days from the date of this order.

3. Plaintiffs Platinum Properties Investor Network, Inc., and Jason Hartman are hereby ordered to pay to Kathleen Crisp the amount of $3,000.00 within seven (7) days from the date of this order, as reasonable compensation for Crisp's time and expense that she will need to spend to comply with the subpoena for records served on her by AMCO.

4. Kathleen Crisp is hereby ordered to appear for deposition by AMCO's counsel at a mutually convenient location within the Western District of Missouri and to testify as to all issues of inquiry, including information that would otherwise have been protected by the attorney-client privilege, on a date and at a time mutually agreed upon by AMCO's counsel and Crisp's counsel to occur no later than 30 days before January 5, 2016, the discovery fact cut-off date set in the underlying case pending in California.

4

5. Since AMCO's motion to compel was granted, this Court has not addressed and will not address AMCO's motion to transfer AMCO's motion to compel to the United States District Court for the Central District of California as this issue appears to be moot at this time.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2015.

/s/ Stephen R. Bough
Stephen R. Bough
United States District Judge